Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Counsel for San Francisco Technology Inc.

**\*E-FILED 08-11-2010\***

U.S. District Court
Northern District of California

| | |
|---|---|
| San Francisco Technology Inc.<br><br>　　　　Plaintiff<br><br>vs.<br><br>Aero Products International Inc., BP Lubricants USA Inc., BRK Brands Inc., Calico Brands Inc., Cooper Lighting LLC, Darex LLC, Dexas International Ltd., Dyna-Gro Nutrition Solutions, Fiskars Brands Inc., Global Concepts Inc., Homax Products Inc., Kimberly-Clark Corporation, Kraco Enterprises LLC, Lixit Corporation, Mead Westvaco Corporation, Nutrition 21 Inc., Oatey Co., Optimum Technologies Inc., Newell Rubbermaid Inc., Schick Manufacturing Inc., The Scotts Company LLC, Sterling International Inc., Vitamin Power Incorporated, Woodstream Corporation, 4-D Design Inc.<br><br>　　　　Defendants | Case No. 5:10-cv-02994-HRL<br><br>**Stipulation to Stay Case With Respect to Fiskars Brands Inc. and [Proposed] Order**<br><br>**[Re:  Docket No. 60]** |

Plaintiff San Francisco Technology Inc. ("SF Tech") and defendant Fiskars Brands Inc. ("Fiskars") enter into this stipulation and seek the relief set forth below.

1. SF Tech filed its Complaint on July 8, 2010, alleging that Fiskars has falsely marked articles in violation of 35 U.S.C. § 292. SF Tech asserts that it is a *qui tam* relator in this case.

2. SF Tech had earlier filed similar Complaints in this court, asserting similar false marking claims against other defendants, also asserting that it is a *qui tam* relator. Those cases are styled:

    a. *San Francisco Technology Inc. v. Adobe Systems Incorporated, et al.*, Case No. 5:09-cv-06083-RS ("*Adobe*"), filed on December 30, 2009.

    b. *San Francisco Technology Inc. v. The Glad Products Company, et al.*, Case No. 5:10-cv-00966-JF ("*Glad*"), filed on March 5, 2010.

3. Fiskars anticipates that it will challenge SF Tech's standing in this case. Fiskars also anticipates that it might raise challenges to personal jurisdiction and/or venue in this case.

4. In similar cases involving *qui tam* relators under 35 U.S.C. § 292, District Courts have split on the question of whether a *qui tam* relator has standing in such cases. *See e.g.*, *Juniper Networks v. Shipley*, 2010 U.S. Dist. Lexis 24889, 16–17 (N.D. Cal. 2010) ("*Juniper Networks 2*") (finding standing); *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va. 2009) ("*Pequignot 2*") (finding standing); *Stauffer v. Brooks Brothers Inc.*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009) ("*Stauffer*") (finding a lack of standing).

5. The District Court's decision in *Stauffer* (finding a lack of standing) is currently on appeal in the Federal Circuit (Case No. 2009-1428). That appeal has been fully briefed, and the Federal Circuit panel heard oral arguments on August 3, 2010.

6. It is widely expected that the Federal Circuit will issue a ruling in *Stauffer* concerning the standing of *qui tam* relators under 35 U.S.C. § 292. The parties to this stipulation anticipate that the Federal Circuit's ruling will have a significant effect on the standing question in this case.

7. In light of the pending appeal in *Stauffer*, and in order to streamline the issues in *Adobe* and *Glad*, Judge Seeborg of this court entered an order staying *Adobe* on April 13, 2010, and Judge Fogel of this court entered an order staying *Glad* on July 19, 2010. Those cases have been

1  stayed until the Federal Circuit issues a decision in *Stauffer*.

2      8.    In order to streamline this case and to narrow the issues that this court will be required to decide, the parties to this stipulation have reached an agreement.  They hereby stipulate to stay this case until the Federal Circuit issues a decision in *Stauffer*.  In exchange, Fiskars agrees that it will not challenge personal jurisdiction or venue in this court.  This stipulation is not intended to affect any other rights, claims, defenses, or arguments of any party.  Accordingly, after the stay is lifted, this case will be litigated in this court, and Fiskars may raise any defenses to SF Tech's claim other than venue or personal jurisdiction.

    9.    The parties seek the following relief:

    a.    All proceedings in this case will be stayed with respect to Fiskars until the Federal Circuit issues a decision in *Stauffer*.

    b.    SF Tech will notify this court when the Federal Circuit issues a decision in *Stauffer*.  Fiskars' deadline to file a response to the Complaint will be 30 days from the filing of this notice.

    c.    The stipulating parties have agreed that personal jurisdiction and venue are appropriate in the Northern District of California in this case.  However, no other rights, claims, defenses, or arguments of any party are affected by this stipulation.

In accordance with General Order No. 45.X.B., Dan Fingerman, counsel for SF Tech, attests that each other signatory listed below has concurred in the filing of this document.

Date: August 6, 2010                  Mount & Stoelker, P.C.
                                                  /s/ Dan Fingerman
                                            Counsel for San Francisco Technology Inc.

Date: August 6, 2010                  Foley & Lardner LLP
                                                  /s/ Eileen R. Ridley
                                            Counsel for Fiskars Brands Inc.

Pursuant to stipulation, it is so ordered

Date: __August 11, 2010_____       _____
                                                    Magistrate Judge Howard R. Lloyd

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000