\*\*E-Filed 3/14/2011\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC., <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>AERO PRODUCTS INTERNATIONAL, INC., *et al.*, <br><br>　　　　　　Defendants. | Case Number 5:10-cv-02994-JF (PSG) <br><br> ORDER[1] GRANTING DEFENDANT WOODSTREAM CORPORATION'S MOTION TO DISMISS WITH PREJUDICE <br><br> [Re: Docket No. 199] |

Defendant Woodstream Corporation ("Woodstream") moves to dismiss the false marking claims brought by Plaintiff San Francisco Technology, Inc. ("SF Tech") pursuant to 35 U.S.C. § 292, because Woodstream already has settled a *qui tam* action brought against it by a different party in the Eastern District of Texas ("Texas Action").[2] SF Tech contends that the Texas Action should not have a preclusive effect on the instant claims because SF Tech was the first

---

[1] This disposition is not designated for publication in the official reports.

[2] Stipulated Dismissal, Dkt. 11, *Patent Group, LLC v. Woodstream Corp.*, No. 6:10-cv-00346-LED (E.D. Tex. Oct. 25, 2010).

party to file a false marking claim as to the patents at issue in the two actions.[3] Woodstream has presented evidence that it already has reached a settlement with the *qui tam* plaintiff in the Texas Action, and it argues that SF Tech's claims are precluded by the Government's lack of objection to settlement.[4]

As the real party in interest in a *qui tam* suit, the United States has relinquished its right to seek damages from Woodstream for alleged false markings with the patents-in-suit. *See Simonian v. Irwin Indus. Tool Co.*, No. 10-1260 (N.D. Ill. Jan. 18, 2011) (denying motion to amend complaint because of preclusive effect of prior settlement); *See also Stauffer v. Brooks Bros., Inc.*, 619 F. 3d 1321, 1329 (Fed. Cir. 2010) (holding that *res judicata* precludes the government from bringing duplicative false marking claims against the same defendant for the same markings). The government takes the position that the general notice provision of 35 U.S.C. § 290 is sufficient to permit government participation in false marking actions under the Take Care Clause of the U.S. Constitution. Brief Defending the Constitutionality of 35 U.S.C. § 292 filed by the United States, Dkt. 392; *See* U.S. Const. art. II, § 3. Applying this principle, the United States was on notice of SF Tech's suit at the time it accepted the settlement payment in the Texas Action. Likewise, SF Tech promptly was notified of the settlement by Woodstream. Letter Brief filed by Woodstream Corporation at 1, Dkt. 409. If SF Tech objected to the settlement, it should have raised its objection in the Eastern District of Texas. Under the present circumstances, this Court must give full faith and credit to the Texas court judgment.

**ORDER**

Good cause therefore appearing, the motion to dismiss will be GRANTED WITH

---

[3] The Texas Action was filed six days after the instant action and did not assert claims as to the patents at issue in this case. Letter Brief filed by Woodstream Corporation at 2, Dkt. 409. However, the Patent Group subsequently filed an amended complaint asserting false marking claims based upon the specific patents at issue here. *Id.*

[4] The settlement reached in the Texas Action covers all claims asserted in Patent Group's second amended complaint. *Id.*

2

Case No. 5:10-cv-02994-JF (PSG)
ORDER GRANTING DEFENDANT WOODSTREAM CORPORATION'S MOTION TO DISMISS WITH PREJUDICE
(JFLC1)

PREJUDICE.[5]  Woodstream's request for judicial notice will be terminated as moot.[6]

**IT IS SO ORDERED.**

DATED: March 14, 2011

_____
JEREMY FOGEL
United States District Judge

---

[5] As the instant suit is subject to dismissal under Fed. R. Civ. P. 12(b)(6) because of preclusion, the Court need not address Woodstream's contention that the matter also is subject to dismissal because the False Marking Statute violates the "Take Care" Clause.

[6] On January 25, 2011, the Court directed Woodstream to file a letter brief setting forth the basis of its assertion that SF Tech's claims in the instant action are within the scope of the settlement in the Eastern District of Texas. Order Requesting Briefing from Defendant Woodstream Corporation, Dkt. 404.  Woodstream's briefing obviates the need for the Court to take judicial notice of the stipulated settlement and dismissal order in the Texas Action.  Moreover, the Court need not take judicial notice of the publicly available district court decisions cited in Woodstream's request.

3